IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HOWARD SALAMON d/b/a SALAMON BROTHERS,<br><br>Plaintiff,<br><br>vs.<br><br>CIRTRAN CORP.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER RE: MOTIONS TO RECONSIDER AND MOTION TO PERMIT EXPERT DEPOSITIONS<br><br><br><br>Case No. 2:03-CV-787 TS |

Both parties filed motions for reconsideration[1] of the Court's November 22, 2005 Order.[2] Defendant also filed a Motion to Permit Expert Depositions.[3] At a hearing on January 19, 2006, the Court ruled on these motions orally. This Order embodies the Court's oral ruling on these motions.

---

[1]Docket Nos. 85 and 88.

[2]Docket No. 84.

[3]Docket No. 90.

1

Both parties bring their motions for reconsideration pursuant to Rule 60(b). A district court has discretion to grant relief as justice requires under Rule 60(b).[4] Such relief, however, is extraordinary and may only be granted in exceptional circumstances.[5]

The Court will first discuss Salamon's Motion for Reconsideration. Salamon has argued that the Court should find that he is entitled to a 7% fee, not the lower fee suggested by CirTran. Salamon argues that the parol evidence rule prohibits the admission of outside evidence, including the allegation that Salamon orally agreed to reduce his fee to 4%. Salamon's reliance on the parol evidence rule is misplaced.

"[A]s a principle of contract interpretation, the parol evidence rule has a very narrow application. Simply stated, the rule operates, in the absence of fraud or other invalidating causes, to exclude evidence of contemporaneous conversations, representations, or statements offered for the purpose of varying or adding to the terms of an integrated contract."[6] "Although the parol evidence rule prohibits the introduction of evidence of prior or contemporaneous oral statements to vary the terms of a written agreement, the parol evidence rule does not apply to extrinsic evidence regarding a subsequent modification of a written agreement or to the waiver of contractual terms by language or conduct."[7] Thus, the parol evidence rule only "forclose[s] events which precede or accompany a written or oral integration, not those which come later."[8]

---

[4]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

[5]*Id*.

[6]*Hall v. Process Instruments and Control, Inc.*, 890 P.2d 1024, 1026 (Utah 1995) (citations omitted).

[7]29A Am. Jur. 2d. Evidence § 1133.

[8]*Wilson v. Gardner*, 348 P.2d 931, 933 (Utah 1960).

Here, it has been alleged that after Salamon and CirTran entered into their agreement, Salamon orally agreed to change his fee.  Since this incident is alleged to have occurred after the original contract was formed, the parol evidence rule is inapplicable.  Therefore, Plaintiff's Motion for Reconsideration is denied.

The Court now turns to CirTran's Motion for Reconsideration.  CirTran first asks the Court to reconsider its decision that a finder's exception exists in Utah.  The Court rested its decision on the SEC's No Action Letters, the close relationship between Utah and federal securities law, the actions of other courts, and the distinction between the securities laws and the real estate broker laws cited by CirTran, where the Utah Supreme Court has rejected a finder's exception.  The Court will adhere to its decision on the finder's exception and will deny CirTran's Motion for Reconsideration on this issue.

Alternatively, CirTran asks that the Court certify this question to the Utah Supreme Court.  "While certification is appropriate where the legal question at issue is novel and the applicable state law is unsettled, it is never compelled."[9]  "[J]ust because a new state law question is raised '[c]ertification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law.'"[10]  "[U]nder the diversity statutes the federal courts have the duty to decide questions of state law even if difficult or uncertain."[11]

The issue of whether a finder's exception exists in Utah is a difficult and unsettled question of state law.  This alone in not sufficient to certify this issue to the Utah Supreme Court.

---

[9] *Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1001 (10th Cir. 2005) (citations omitted).

[10] *Id*. (quoting *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988)).

[11] *Copier v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998).

The parties have presented their arguments to the Court and the Court has ruled on them. The Court's decision on this issue is subject to review upon appeal. It should also be noted that CirTran waited until after they received an unfavorable decision on this issue to request certification. For these reasons, the Court will deny CirTran's request to certify this issue to the Utah Supreme Court.

CirTran also seeks to have the Court reconsider its decision concerning the second transaction. The Court, in its November 22, 2005 Order, found that there were genuine issues of material fact as to whether Salamon was the procuring cause of the second transaction. Specifically, the Court noted that the contract was unclear as to whether the prime object of the relationship between Cornell and CirTran was the first $5 million deal or the second $20 million deal. The Court believes this is an important consideration and should be left to a jury. Therefore, the Court will not reconsider its decision on this issue. CirTran's Motion for Reconsideration is denied.

CirTran has also filed a Motion to Permit Expert Deposition. The Scheduling Order in this case was prepared by Plaintiff's counsel and was approved by counsel for Defendant. The Scheduling Order set the discovery cutoff date at July 22, 2005, and required that expert reports be served by August 19, 2005. The Scheduling Order does not set a deadline for expert deposition. CirTran has admitted, however, in its letter to Plaintiff's counsel, that the discovery deadline has now passed.[12]

The Court finds CirTran's Motion somewhat disingenuous since it approved the scheduling order, it has never sought to amend or clarify that Order, and it has admitted that the

---

[12] Docket No. 91, Exhibit B.

discovery deadline for expert depositions has now passed. CirTran failed to depose Salamon's expert witness and it will have to live with the consequences of that decision. The Court will not issue such an order this late in the proceedings. CirTran's Motion to Permit Expert Depositions is denied.

It is therefore

ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 85) is DENIED. It is further

ORDERED that Defendant's Motion for Reconsideration (Docket No. 88) is DENIED. It is further

ORDERED that Defendant's Motion to Permit Expert Depositions (Docket No. 90) is DENIED.

DATED   February 1, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge